# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 10-1068


JAMES D. MITCHAM, ET AL.

VERSUS

DR. ERNESTO KUFOY


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. C-2008-0920
HONORABLE MARTHA ANN O'NEAL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## SHANNON J. GREMILLION
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and Shannon J. Gremillion, Judges.

**AFFIRMED.**


Richard B. Cappel
Raggio, Cappel, Chozen & Berniard
P. O. Box 820
Lake Charles, LA 70602
(337) 436-9481
Counsel for Defendant/Appellee:
Dr. Ernesto Kufoy

David L. Wallace
Attorney at Law
P. O. Box 489
DeRidder, LA 70634
(337) 462-0473
Counsel for Plaintiffs/Appellants:
James D. Mitcham
Jennifer D. Andrews

**GREMILLION, Judge.**

Plaintiff/appellants, James D. Mitcham and Jennifer D. Andrews, contend that the damage award of $1,500.00 on the survival action they initiated following the death of their father is abusively low. For the reasons that follow, we affirm.

**FACTS**

Thomas Mitcham, father of the plaintiffs/appellants, was a longtime patient of Dr. Ernesto Kufoy. Dr. Kufoy, a nuclear cardiologist, primarily treated Mitcham for chronic obstructive pulmonary disease (COPD). On March 2, 2006, Mitcham saw Kufoy complaining of severe shortness of breath. Kufoy ordered x-rays of Mitcham's chest, which demonstrated a left-sided pleural effusion, an accumulation of fluid in the pleural space outside the lung. In order to confirm that the accumulation consisted of nothing but fluid, Kufoy recommended, and Mitcham consented to, a thoracentesis. In this procedure, a needle is introduced into the pleural space and fluid is drawn from the space by syringe. The fluid was sent to a laboratory for analysis.

The following day, Mitcham had difficulty breathing and his back was hurting. His friend, Ms. Christa Jane Fomby, offered to take him to Kufoy, but Mitcham indicated that he was fine and drove himself. A chest x-ray revealed that Mitcham's had developed a right pneumothorax. A pneumothorax is a recognized complication of a thoracentesis procedure. Kufoy had Mitcham sent to Beauregard Memorial Hospital. A nurse's note generated at Beauregard indicated that Mitcham had two puncture wounds on his right side. He was diagnosed with a partially collapsed left lung and a collapsed right lung. Kufoy ordered Mitcham transferred to Lake Charles Memorial Hospital. Dr. Ben Thompson, a pulmonologist, treated Mitcham at Lake Charles Memorial. Dr. Thompson's records also reflect that Kufoy apparently

attempted a right-side thoracentesis.

At Lake Charles Memorial, it was learned that Mitcham was suffering from small cell carcinoma of the lung. He died on March 20, 2006.

Plaintiffs/appellants are the two major children of Mitcham. They initiated proceedings pursuant to the Medical Malpractice Act (MMA). They alleged that Kufoy breached the standard of care in failing to timely diagnose Mitcham's cancer, and in performing a thoracentesis on the wrong side. Those proceedings produced a medical review panel opinion that found that the evidence did not support the conclusion that Kufoy breached the standard of care in failing to timely diagnose Mitcham's cancer, but did support the conclusion that Kufoy breached the standard of care in performing a thoracentesis on the wrong side. Plaintiffs/appellants then filed suit.

The matter proceeded to a bench trial. Kufoy's attorney moved for an involuntary dismissal on the allegations of failure to timely diagnose Mitcham's cancer. The trial court granted that motion. The trial then proceeded solely on the issue of the liability and damages for the allegedly improper thoracentesis. At the close of evidence, the court took the matter under advisement and the parties submitted briefs. The court issued reasons for judgment shortly thereafter. In its written reasons, the trial court found that Kufoy more likely than not performed the thoracentesis on the right side, which caused the development of the right pneumothorax. However, while the pneumothorax caused Mitcham some pain and discomfort on the right side, the trial court found that the testimony and medical records indicated that his pain had vanished by the morning of March 3, 2006. Accordingly, the trial court awarded plaintiffs/appellants $1,500.00 for Mitcham's

2

pain and suffering. Plaintiffs/appellants now appeal.

## ASSIGNMENT OF ERROR

Plaintiffs/appellants assign as the sole error the award of $1,500.00 for Mitcham's pain and suffering from the thoracentesis, which they contend is insufficient.

## ANALYSIS

A court reviewing a general damage award does so under an abuse-of-discretion standard. *Andrus v. State Farm Mut. Auto. Ins. Co.,* 95-0801 (La. 3/22/96), 670 So.2d 1206. This requires us to determine whether the award is below that which a reasonable trier of fact could award for the particular injury to the plaintiff under the particular circumstances of the case. *Id.* Plaintiffs/appellants cite cases that they contend demonstrate the abusively low nature of the trial court's award. We are instructed, though, that it is only *after* we have determined that an award was abusively low that we can look to the jurisprudence for similar awards. In *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1260 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059 (1994), the supreme court stated, "The initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the 'much discretion' of the trier of fact." While making this initial inquiry, we are specifically prohibited from using "a scale of prior awards in cases with generically similar medical injuries to determine whether the particular trier of fact abused its discretion in the awards to the particular plaintiff under the facts and circumstances peculiar to the particular case." *Id*.

At first blush, it may seem shocking that the trial court would have awarded

3

$1,500.00 for the survival action on Mitcham's behalf. However, there was no evidence that the error of Kufoy contributed to Mitcham's death or brought about any diminution of his chances of survival. Indeed, plaintiffs/appellants did not assign as error the dismissal of their wrongful death claims. Further, the evidence also demonstrated that, while Mitcham complained of pain between the thoracentesis and the following day, March 3, at which time the Beauregard Memorial records indicate his pain level was 0/10. Those records also indicate that Mitcham's primary complaint was shortness of breath, the same complaint that had prompted the thoracentesis.

Ms. Fomby was the only witness to testify about Mitcham's pain. She related that on the morning of March 3, she offered to drive Mitcham to Kufoy's office, but that Mitcham refused because he indicated that he was fine.

The evidence demonstrates that the elements for which general damages are awarded, intensity and duration of pain, are both of a minimal nature. Mitcham was not in intense pain, and his pain lasted but a few hours. Accordingly, we affirm the trial court's judgment.

**CONCLUSION**

The only issue before the court is whether, in awarding plaintiffs/appellants a total of $1,500.00 for the injury resulting from a thoracentesis on the wrong side, the trial court abused its discretion. We are unable to conclude that the trial court's award is abusively low. The judgment of the trial court is affirmed. All costs of this appeal are assessed to plaintiffs/appellants, James D. Mitcham and Jennifer D. Andrews.

**AFFIRMED.**

4